OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
After taking a competitive examination and being placed on an eligible list, Bangel was appointed as a teacher of automotive mechanics pursuant to subdivision 2 of section 2573 of the Education Law on October 17, 1974. Inasmuch as he had earlier retired as an employee of the New York City Sanitation Department he sought to take advantage of the provisions of section 211 of the Retirement and Social Security Law. Having met the prerequisites of that section he was entitled to continued status as retired without suspension or diminution of his retirement allowance.
Availing himself of the provisions of that section, however, affected only the retention of his retirement allowance; in no way did it relate to his appointment or to his status as a teacher on a permanent basis. His appointment was of the same character and quality as had been that of appellant Mintzer when he had been appointed from an eligible list as a teacher of automotive mechanics on September 5, 1973.
When, in February, 1976, it became necessary to lay off teachers of automotive mechanics due to severe budgetary cutbacks resulting from the fiscal crisis of the City of New York, the board of education was obliged to follow the command of subdivision 3 of section 2585 of the Education Law which then provided: “Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.”
Mintzer at that time had a seniority of 3 years and 11 days. Although Bangel’s date of original appointment on a permanent basis was October 17, 1974, later in calendar date than that of Mintzer, because of credits to which he was entitled as a veteran under section 85 of the Civil Service Law, B angel then had a seniority of 4 years, 3 *755 months and 25 days. Therefore the board of education had no choice but to favor B angel with the greater seniority over Mintzer with the lesser seniority.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, with costs, and petition dismissed in a memorandum.